UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO HERNANDEZ,<br><br>               Petitioner,<br>v.<br><br>NEIL MCDOWELL,<br><br>               Respondent. | Case No. 5:17-cv-01786-PSG (MAA)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the R&R to which objections have been made. For the reasons below, Petitioner's Objections are overruled.

Petitioner objects under Ground One that his right to counsel was violated because he had no chance to consult privately with his trial counsel during the trial ("Objections"). (Objs., ECF No. 39, at 3–10.) However, the authorities that Petitioner has cited, (*id.*, at 4–5), do not support his claim. Petitioner's citation to

*Procunier v. Martinez*, 416 U.S. 396, 419–22 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989), which involved the issue of censorship of prisoner mail, has no relevance to Petitioner's alleged inability to talk privately with his counsel during trial. The Court has no authority to treat *Procunier* as clearly established federal law for Petitioner's claim involving a lack of private consultation with counsel during trial. *See Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (per curiam) ("By framing our precedents at such a high level of generality, a lower federal court could transform even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'" (quoting 28 U.S.C. § 2254(d)(1))). Petitioner's other cited authorities, consisting of opinions from federal circuit and state courts, (Objs., at 4–5), do not demonstrate that the state courts' rejection of his claim resulted in a decision that involved an unreasonable application of clearly established federal law, *see Kernan v. Cuero*, 138 S. Ct. 4, 9 (2017) (per curiam) ("[C]ircuit precedent does not constitute clearly established federal law. . . . Nor, of course, do state-court decisions, treatises, or law review articles" (internal quotation marks and citations omitted)).

Moreover, Petitioner's claim in Ground One that he had no chance to talk privately with counsel during trial is contrary to the record, which shows that Petitioner did not dispute his trial counsel's statement during a hearing that Petitioner was refusing to talk to him. (*See* R&R, ECF No. 28, at 11–12.) Finally, contrary to Petitioner's contention, (Objs., at 9), the Court is not required to credit Petitioner's assertions as true and order further development of the record, *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("The petitioner carries the burden of proof. ¶ We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." (citation omitted)).

Petitioner next objects under Ground Two that the prosecutor withheld medical evidence about the victim's face turning blue while Petitioner was choking him, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Objs., at 11–19.) Petitioner has not demonstrated that the state courts' rejection of this claim was objectively unreasonable pursuant to 28 U.S.C. § 2254(d). He has not shown that such evidence exists. (*See* R&R, at 14.) He has not made any of the three showings required by *Brady*. (*See id.*, at 14–16.) Petitioner also suggests for the first time in his Objections a new factual premise for a *Brady* claim, which is that the medical evidence would show the victim had no "petechiae" after being choked. (Objs., at 12.) The Court declines to consider this new factual allegation. *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000) (district court may decline to consider new factual allegations raised for the first time in objections to a magistrate judge's recommendation, where such allegations were available before the magistrate's proceedings ever began).

Petitioner next objects under Ground Three that his trial counsel had a conflict of interest. (Objs., at 20–22.) This claim fails for lack of clearly established federal law, (R&R, at 16–17), which Petitioner concedes, (Objs., at 20). Petitioner requests, therefore, to convert his claim into a claim of ineffective assistance of trial counsel. (*Id.*, at 20–21.) Petitioner's request, raised for the first time in the Objections, is denied. *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purposes of the Magistrates Act. We do not believe that the Magistrate Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (per curiam) (en banc).

Petitioner next objects under Ground Four that his trial counsel was ineffective in multiple respects. (Objs., at 23–32.) Petitioner's contention that trial counsel was ineffective for failing to investigate the victim's injuries, (*id.*, at 23–25), is undermined by the circumstances of the trial, which showed that the victim had multiple injuries from sources that were difficult to determine and that the prosecutor did not need to show the victim's injuries to prove the case, (*see* R&R, at 19). Likewise, Petitioner's contention that trial counsel was ineffective for failing to impeach Deputy Silva about the victim's lack of injuries, (Objs., at 25–26) is undermined by the irrelevance of the victim's injuries, (*see* R&R, at 19). Finally, Petitioner's contention that trial counsel was ineffective for failing to investigate Deputy Avila's report, which stated that Petitioner and the victim were ordered to "stop fighting," (Objs., at 27), takes that statement out of context. Deputy Avila's statement about the order to "stop fighting," (Petition for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, at 149), did not suggest that Petitioner and the victim were fighting on equal terms. Rather, the full context of Deputy Avila's report showed that Petitioner had "a county issued sheet wrapped around [the victim's] neck in [an] attempt to kill him" and [w]hile choking [the victim] with the sheet, [Petitioner] was punching [the victim] multiple times in the face." (*Id.*) Trial counsel was not ineffective for failing to introduce this statement at trial.

Petitioner next objects under Ground Five that his appellate counsel was ineffective for failing to investigate issues for appeal. (Objs., at 33–35.) Appellate counsel was not ineffective for failing to raise the issues Petitioner identified. The issues were not apparent from the appellate record and, in any event, they lacked merit. (*See* R&R, at 25–26.)

Petitioner next objects under Ground Six that he suffered cumulative prejudice from multiple errors. (Objs., at 36–39.) None of the errors rose to the

4

level of a constitutional violation. (*See* R&R, at 28.) Moreover, the evidence of Petitioner's guilt was overwhelming. (*See id.*)

Petitioner finally objects under Ground Seven that the trial court improperly stated, near the end of a hearing pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970), that Petitioner had waived his right to the effective assistance of trial counsel. (Objs., at 40–42.) Petitioner's contention that the trial court, by its statement, made a legal finding that Petitioner had effectively waived his right to the effective assistance of trial counsel, (*id.*, at 40–41), is contrary to the record. The record shows that the trial court's statement had no legal effect on Petitioner, who never waived his right to the effective assistance of counsel. Rather, Petitioner elected to continue to be represented by trial counsel and subsequently raised no appellate claims of ineffective assistance of trial counsel, even though no legal impediment prevented him from doing so. Thus, this claim did not raise an actual controversy. *See Serrato v. Clark*, 486 F.3d 560, 566 (9th Cir. 2007) (habeas petitioner must show an actual injury that is not conjectural or hypothetical).

In sum, Petitioner's objections are overruled. Moreover, his requests for an evidentiary hearing and discovery are denied. *See Pinholster*, 563 U.S. at 183 (the practical effect of the AEDPA's deferential standard "means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007))); *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998) (holding that "an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." (emphasis in original)); *Bemore v. Chappell*, 788 F.3d 1151, 1176–77 (9th Cir. 2015) (a habeas petitioner's failure to show that a state's court's rejection of his claim was objectively unreasonable pursuant to 28 U.S.C. § 2254(d) means that "further discovery is not warranted").

///

///
///
///
///
///

IT IS THEREFORE ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: 10/14/2020

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

6